*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-4906-GHK (SSx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | *Lebrilla v. U.S. Bancorp., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

| **Proceedings:** | **(In Chambers) Order re: Plaintiff's *Ex Parte* Application for Temporary Restraining Order** |
|---|---|

This matter is before the Court on Plaintiff's *Ex Parte* Application for Temporary Restraining Order ("Application"). Having considered the papers filed in support of and in opposition to the Application, we deem this matter appropriate for resolution without oral argument. L.R. 7-15.

Plaintiff Julian Lebrilla ("Plaintiff") has moved for a temporary restraining order to prevent a trustee's sale of his property on August 7, 2008, by Defendants Litton Loan Servicing, L.P. ("Litton") and U.S. Bancorp ("Bancorp")[1] (collectively "Defendants"). On November 17, 2006, Plaintiff entered into a loan with First Street Financial, Inc. ("First Street"). Plaintiff alleges that the loan was subsequently assigned to Bancorp and is now serviced by Litton. Plaintiff filed claims for: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (3) violation of Cal. Bus. and Prof. Code §§ 17200 *et seq*. Plaintiff's TILA violation is based on First Street's alleged failure to provide Plaintiff with required disclosures, including two Notices of Right to Cancel. Plaintiff argues that the failure to provide the required disclosures entitles him to rescission of the loan and a release of Defendant's security interest in the property.

## I.    Legal Standard

In order to obtain a temporary restraining order, Plaintiff must either show (1) that he has a likelihood of success on the merits combined with the possibility of irreparable injury, or (2) that serious questions exist going to the merits and that the balance of hardships tips sharply in his favor. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204–05 (9th Cir. 2000) (stating the test for a preliminary injunction; the standard for a temporary restraining order is identical, *see Lockheed Missile*

---

[1]    Litton states in its Opposition that it advised Plaintiff that "US BANK, AS TRUSTEE (not US Bancorp, the named defendant in this action) is the current holder of the beneficial interest in" the property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4906-GHK (SSx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | *Lebrilla v. U.S. Bancorp., et al.* | | |

*& Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal. 1995)). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir. 2006). Thus, the "greater the relative hardship to the moving party, the less probability of success must be shown." *National Ctr. for Immigrants Rights, Inc. v. Immigration and Naturalization Serv.*, 743 F.2d 1365, 1369 (9th Cir. 1984). "As an 'irreducible minimum,' the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). However, "[u]nder any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury." *Id.*

## II.    Discussion

### A.    Likelihood of Success

Plaintiff argues that, although he was provided with two copies of the Notice of Right to Cancel, one of the Notices was deficient because it did not include the date for the termination of the right to rescind. Thus, while one of the Notices stated that he had until November 21, 2006 to rescind the loan, the second Notice left the date of rescission blank. Litton argues that this is a mere "technical" violation and that Plaintiff signed an acknowledgment that he received fully compliant notice of his right to rescind.

TILA's purpose is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), contain detailed disclosure requirements for consumer loans. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir. 1986).

"TILA's 'buyer's remorse' provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security." *Id.* at 704 (citing 15 U.S.C. § 1635(a)). TILA and Reg Z, require the lender to provide two copies of a Notice of Right to Cancel form "stating the specific date on which the three-day rescission period expires." *Id.* at 701 (citing 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(5)); *see also* 12 C.F.R. § 226.23(b)(1). "If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated." *Id.* at 701-02 (citing 15 U.S.C. § 1635(f)). If the borrower timely exercises his or her right to rescind, "the security interest giving rise to the right of rescission becomes void. . . ." 12 C.F.R. § 226.23(d). "Technical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and entitle the borrower to rescind." *Semar*, 791 F.2d at 704.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4906-GHK (SSx) | Date | August 4, 2008 |
|---|---|---|---|

| Title | *Lebrilla v. U.S. Bancorp., et al.* |
|---|---|

Additionally, a borrower's written acknowledgment of receipt of the disclosures or documents required by TILA, is not dispositive and creates a rebuttable presumption of the delivery of such items. 15 U.S.C. § 1635(c). The rescission remedy applies against both assignees and the original lender. 15 U.S.C. § 1641(c).

Plaintiff provides a declaration stating that one of the Notices of Right to Cancel did not include the date for rescission and attaches both Notices to his Complaint and Application. The second Notice does not include the date for rescission. Litton does not dispute that the second Notice does not include the rescission date. Rather, Litton argues that such a technical violation does not entitle Plaintiff to rescission. However, we need not determine whether the violation was "technical" rather than substantive because *Semar* makes clear that even "technical" violations of TILA entitle the borrower to rescind. *Semar*, 791 F.2d at 704. Moreover, even if Plaintiff signed an acknowledgment that he received fully compliant notice of his right to rescind, 15 U.S.C. § 1635(c) provides that such an acknowledgment creates only a rebuttable presumption. Here, Plaintiff has provided both a declaration and documentary evidence to overcome any such presumption.[2] Therefore, were we to find that the failure to include the rescission date on the second notice constitutes a technical violation, under *Semar*, Plaintiff would be entitled to seek rescission.

However, Plaintiff has failed to show that he will be able to tender the proceeds of the loan, which is generally required for rescission. *See* 12 C.F.R. § 226.23(d)(3) (requiring, as part of rescission, the consumer to tender back any money or property the creditor previously delivered to the consumer). Plaintiff states that he can tender in the form of monthly payments and argues that he is not required to tender the full proceeds in order to be entitled to rescission. Rather, Plaintiff argues that Defendants should be required to release any security interest they have in the property before he has any obligation to tender. He asks us to exercise our equitable discretion to "modify the rescission process to effectuate a modification of the existing loan term." Plaintiff relies on *Ljevpava v. M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975), which states that "[t]he plain language of [TILA] seems to suggest that the

---

[2]    Defendant cites *Henderson v. GMAC Mortg. Corp.*, 2008 WL 1733265, *6 (W.D. Wash. 2008), in which the court dismissed the plaintiffs' TILA claim where they "contend[ed] that they got only one copy of the Notice of Right to Cancel and the one copy they did receive did not have a date written on it." The court relied on 15 U.S.C. § 1641(b), which states that "written acknowledgment of receipt by a person to whom a statement is required to be given pursuant to this title shall be conclusive proof of the delivery thereof...." The Court stated that the Plaintiffs signed a copy of the Notice of Right to Cancel, and in doing so, acknowledged that they had received two copies of the Notice." The court further stated that "[t]here is simply no support for the claim that a technical failure to provide multiple copies of a document excuses a borrower from his end of the bargain." *Henderson*'s reliance on § 1641(b) is misplaced because it explicitly states that it applies "[e]xcept as provided in section 1635(c) of this title." Therefore, the court incorrectly relied on the "conclusive proof" standard in § 1641(b) and failed to apply the "rebuttable presumption" found in § 1635(c). Additionally, *Henderson's* statement that there is no support for the proposition that a technical violation entitles the borrower to rescission is contrary to *Semar*. Therefore, we decline to follow *Henderson*.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4906-GHK (SSx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | *Lebrilla v. U.S. Bancorp., et al.* | | |

defendants should have been required to remove their lien prior to tender by the [borrower]." However, *Ljevpava* goes on to state that "we have recently indicated that the statute should not be read as requiring the lender to perform first. In *Palmer v. Wilson*, [502 F.2d 860 (9th Cir. 1974)], the majority held that a trial judge had the discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Id.* Therefore, Plaintiff is incorrect insofar as he argues that the creditor's release of its security interest is necessarily a condition precedent to a borrower's tender.

In this case, we exercise our discretion to condition rescission on Plaintiff's tender. To the extent that Plaintiff asks us to exercise our equitable discretion to modify the rescission process to permit monthly payments, we decline to do so. "In deciding whether to condition rescission, a district judge should look to the 'equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act.'" *Palmer*, 502 F.2d at 862. Additionally, where the alleged TILA violations alleged are not serious, conditioning rescission on the ability to tender may be appropriate. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003); *see also Ljevpava*, 511 F.2d at 944 (stating that the district court should provide a more liberal remedy for "egregious" violations of TILA). In *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976), the Ninth Circuit held that "rescission *should* be conditioned on repayment of the amounts advanced by the lender," where "the TILA violations there were not egregious" and "the equities favored the creditor who would otherwise have been left in an unsecured position in the borrower's intervening bankruptcy. *Id.* (emphasis in original) (citing *LaGrone*, 534 F.2d at 1362). Here, Plaintiff asks us to force Defendants to release their security interest in the property at his mere demand for rescission and asks to be able to make monthly payments for an indeterminate duration. He is effectively asking us to enforce a wholesale change in the terms of the loan because he is unable to make full tender. Were we to do so, Defendants would be placed in the position of an unsecured creditor for what can only be considered to be a non-egregious, technical violation of TILA. We believe that such a result would be inequitable, and we exercise our discretion to condition rescission on Plaintiff's ability to show that he can make tender.

Plaintiff has shown that he cannot make tender. Plaintiff states that he is only able to make tender by monthly installments and that full tender would be "impractical." He further states that a bond should not be required, in part, because he is "of limited economic means." Therefore, Plaintiff has shown that he is unable to make the required tender. Accordingly, he has no possibility of success on the merits. No injunction can issue before a party demonstrates the "irreducible miniumum" of "a fair chance of success on the merits, or questions serious enough to require litigation." *Arcamuzi*, 819 F.2d at 937.

//
//
//
//

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4906-GHK (SSx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | *Lebrilla v. U.S. Bancorp., et al.* | | |

**III.     Conclusion**

        We conclude that Plaintiff has failed to show that he is entitled to a temporary restraining order, and we exercise our discretion to decline to grant such relief.  Therefore, Plaintiff's Application is **DENIED**.

        **IT IS SO ORDERED.**

                                                                0        :        00

                                        Initials of Deputy Clerk            Bea